NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLATEJU OLU OLABANJI, AKA Teju O. Aabanji, AKA Chris Mark Chappell, AKA Trevor Dishon, AKA Stephen Frye, AKA Thomas Jackson, AKA Tim Jackson, AKA Robert Kajimoto, AKA Myron Obrasnialc, AKA Myron Obrunsniak, AKA Olateju Olabanji, AKA Olatico Olabanji, AKA Teju O. Olabanji, AKA Teju O. Olabans, AKA John O. Oshin, AKA TJ, AKA Carlos Usallan, AKA "TJ", <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-71511 <br><br> Agency No. A076-603-785 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Olateju Olu Olabanji, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his second motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Olabanji's second motion to reopen because it was untimely and number-barred, *see* 8 C.F.R. § 1003.2(c)(2), and he failed to establish that he qualified for an exception to the time and numerical limits for filing a motion to reopen, *see Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (explaining the BIA can deny a motion to reopen based on changed country conditions for failure to establish prima facie eligibility for the relief sought); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("[a] government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it") (internal quotation and citation omitted). We reject Olabanji's contentions that the BIA failed to consider evidence and analyze his claim properly. *See Najmabadi*, 597 F.3d at 990 (the BIA adequately considered the evidence and sufficiently announced its decision).

Finally, we lack jurisdiction to review the BIA's refusal to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**